IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ABIGAIL PRICE                                                        PLAINTIFF

vs.                              Civil No. 6:20-cv-06104

KILOLO KIJAKAZI                                                    DEFENDANT
ACTING COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION[1]

## MEMORANDUM OPINION

Abigail Price ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision

of the Commissioner of the Social Security Administration ("SSA") denying her application for

Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 5.[2]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed her disability application on July 23, 2018.  (Tr. 11).  In her

application, Plaintiff alleges being disabled due to ankylosing spondylitis, degenerative disc

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as
the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last
sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).
[2] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript
pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 14.
These references are to the page number of the transcript itself not the ECF page number.

disease, osteo and regular arthritis, recovered bulimic, major depressive disorder, suicide ideology, post-traumatic stress disorder ("PTSD"), and bipolar disorder. (Tr. 81, 250). Plaintiff alleged an onset date of May 25, 2018. (Tr. 11, 81). This application was denied initially and again upon reconsideration. (Tr. 150-153, 159-161). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 163-172).

On November 13, 2019, the ALJ held an administrative hearing. (Tr. 31-78). At this hearing, Plaintiff was present and was represented by Sherri A. McDonough. *Id*. Plaintiff and Vocational Expert ("VE") Elizabeth R. Clem testified at this hearing. *Id*. During this hearing, Plaintiff testified she was forty-three (43) years old, which is defined as a "younger individual." *See* 20 C.F.R. § 416.963(c). (Tr. 35). The ALJ found Plaintiff had a least a high school education and was able to communicate in English. (Tr. 22). At the hearing, Plaintiff testified, "I have some college, about a semester of college in my background. I am a high school graduate as well." (Tr. 36).

On January 21, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 8-24). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 23, 2018, her application date. (Tr. 13). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease; history of diverticulitis; fibromyalgia; obesity; status post bilateral foot fractures; PTSD; and bipolar disorder. *Id*. Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-16, Finding 3).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-21, Finding 4). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 416.967(a) except the claimant can occasionally stoop, crouch, bend, kneel, crawl, and balance; occasionally reach overhead; frequently finger and handle; and occasionally use her lower extremities for foot controls and pedals. The claimant can perform work that is simple, routine, and repetitive with supervision that is simple, direct, and concrete. The claimant can occasionally interact with co-workers, supervisors, and the public. The claimant requires a workplace with access to restroom facilities.

(Tr. 16, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 22, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 9). In making this determination, the ALJ relied upon the testimony of the VE. *Id.* Specifically, the VE testified Plaintiff retained the capacity to perform work as a machine tender (sedentary) with 180,000 jobs available in the national economy, and an assembler (sedentary) with 150,000 jobs available in the national economy. (Tr. 23). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 23, 2018, or through January 21, 2020, the date of his decision. (Tr. 23, Finding 10).

Plaintiff requested the Appeal's Council's review of this unfavorable disability determination. The Appeals Council denied this request on August 10, 2020. (Tr. 1-7). Thereafter, on September 18, 2020, Plaintiff appealed her administrative case to this Court. ECF No. 1. The parties consented to the jurisdiction of this Court on September 18, 2020. ECF No. 5.

Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 16, 17.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. 20 C.F.R. § 416.920(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 416.920(a)(4)(v).

**3.**     **Discussion:**

In her appeal brief, Plaintiff rases the following two arguments for reversal: (1) the ALJ erred in evaluating Plaintiff's subjective complaints; and (2) the ALJ erred in assessing Plaintiff's RFC. ECF No. 16. Because the Court finds the ALJ erred in assessing her subjective complaints, the Court will only address Plaintiff's first argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination almost entirely upon the fact that Plaintiff's subjective complaints were not supported by her medical records. (Tr. 17-21). In his opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records. Indeed, in this opinion, the only non-

medical evidence the ALJ considered was Plaintiff's daily activities. (Tr. 17-18). This involved only a limited discussion of Plaintiff's daily activities. *Id*.

Based upon this review, the Court finds the ALJ's assessment of Plaintiff's subjective complaints was improper. *See Polaski*, 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints during the relevant time-period, this case must be reversed and remanded.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and credibility analysis are not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of July 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE